IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY STEWART,

    Plaintiff,

    v.                                                              No. 15-cv-0297 KG/SMV

STATE OF NEW MEXICO,

    Defendant.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 3], filed on April 13, 2015. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He reports that he lacks education in law and cannot furnish discovery or completed the required paperwork without the assistance of counsel. [Doc. 3].

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of

counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED** at this time.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**